IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00080-NYW

PEDRO SAUCEDO,
SAUCEDO OIL FIELD SERVICE, INC.,

    Plaintiffs,

v.

JUANA MARTINEZ,
PABLO VAZQUEZ,

    Defendants.

---

## ORDER TO REMAND

Magistrate Judge Nina Y. Wang

This matter is before the court on Defendants Juana Martinez and Pablo Vazquez's (collectively, "Defendants") Response to Order to Show Cause. [#19]. Also before the court is Defendants' Motion to Change Venue [#20] and Plaintiffs' Motions to Remand [#23, #24]. The court acts pursuant to authority granted by 28 U.S.C. 636(c) and the Order of Reference dated February 8, 2018. [#26]. For the reasons stated below, **IT IS ORDERED** that this civil action is **REMANDED** to Weld County District Court.

## ANALYSIS

Plaintiffs commenced this action against Defendants in Weld County District Court on August 28, 2017. *See* [#12-2]. Defendants filed a motion to dismiss on November 6, 2017; Plaintiffs requested and received an extension of time to respond and filed a First Amended Complaint on December 7, 2017. [#12-8].

On January 11, 2018, Defendants removed the action to the United States District Court for the District of Colorado, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* [#1]. Defendant's Notice of Removal states that Plaintiffs served them with process on September 8, 2017. [*Id.* at 2]. Defendants contend that "Plaintiff's First Amended Complaint is the first operative pleading asserting any facts which provide a basis for removal." [*Id.* at 3].

Section 1446 of Title 28 of the United States Code requires a defendant removing a civil action from state court to file the appropriate notice "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Because it was not clear from the Notice of Removal that Defendants removed the action from state court within 30 days from receipt of a pleading indicating that jurisdiction exists under 28 U.S.C. § 1332, the court issued an Order to Show Cause as to why the case should not be remanded to state court. *See* [#13]. Defendants timely responded on February 1, 2018. [#19].

Defendants essentially reassert the contentions stated in the Notice of Removal. *Compare* [#1] *with* [#19]. Specifically, Defendants contend that the original Complaint did not put them on notice of diversity jurisdiction because "counsel found that Plaintiffs had failed to plead any facts which would confer jurisdiction over the parties or controversy," and that "[w]ithout proper jurisdiction in Colorado courts, Defendants were not able to ascertain whether this case would removable." [#19 at 1-2]. Defendants concede that the Complaint establishes diversity jurisdiction, but state that they "are not residents of the State of Colorado, do not have the minimum contacts necessary to confer jurisdiction, nor have they purposefully availed themselves of the protections of the State of Colorado." [*Id.* at 4].

The issue of personal jurisdiction is distinct and separate from the issue of subject matter jurisdiction. Personal jurisdiction concerns the parties and whether the court can exercise jurisdiction over a party. In Colorado, a court may exercise jurisdiction over a defendant if that party enjoys "minimum contacts" with the state, such that having to defend a lawsuit here would not "offend traditional notions of fair play and substantial justice." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). By contrast, subject matter jurisdiction pertains to whether federal courts have authority to adjudicate a civil action. Federal courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and, for the purposes of this case, over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Unlike subject matter jurisdiction, "personal jurisdiction is intended to protect a defendant's liberty interests, and because it represents an individual right, it can be waived." *Travelers Casualty and Surety Co. of America v. Unistar Financial Service Corp.*, 35 F. App'x 787, 789 (10th Cir. 2002) (citing *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702-03 (1982)).

Here, the Complaint sets forth that the Parties are diverse, [#12-2 at ¶¶ 2, 3], and asserts that "hundreds of thousands of dollars (if not millions) have been withheld from the 50/50 business agreement," and therefore may be at issue. [*Id.* at ¶ 15]. Additionally, Plaintiffs indicated on the civil cover sheet filed in state court that they were seeking a monetary judgment over $100,000. *See* [#12-1]. *See also Paros Properties LLC v. Colorado Casualty Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016) (holding that civil cover sheet is an "other paper" under § 1446(b)(3) such that it puts defendant on notice "that starts the removal clock"). Accordingly,

subject matter jurisdiction exists and Defendants were on notice as of the date of service, September 8, 2017, that the action was removable under 28 U.S.C. § 1446. Upon removing the case, Defendants could then raise any defense regarding lack of personal jurisdiction so long as they did so before filing responsive pleadings. *See* Fed. R. Civ. P. 12(b)(2). *See also Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929) (holding removal of a case to federal court does not constitute a waiver of the right to object to lack of personal jurisdiction). *See, e.g., Nagim v. Irving*, 427 F. App'x 663 (10th Cir. 2011) (affirming district court's dismissal of case where defendants removed the action to federal court and then moved to dismiss for lack of personal jurisdiction).

Additionally, Plaintiffs filed the First Amended Complaint as a matter of right on December 7, 2017, [#12-8; *see* #12-10], and the paragraphs indicating the Parties' citizenship and the potential amount in controversy remain unchanged between pleadings. *Compare* [#12-2 at ¶¶ 2, 3, 15] *with* [#12-8 at ¶¶ 2, 3, 22]. Section 1446(b)(3) states:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Thus, the court finds that Defendants were on notice that federal subject matter existed as of September 8, 2017, yet failed to remove until January 11, 2018. Any concern over personal jurisdiction, in and of itself, does not toll the deadline for removal. Accordingly, the removal is untimely.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Defendants' Motion to Transfer Venue [#20] is **DENIED AS MOOT**;

(2) Plaintiffs' Motions to Remand [#23, #24] are **DENIED AS MOOT**; and

(3) The action is **REMANDED** to the District Court for Weld County, Colorado.

DATED: February 8, 2018 BY THE COURT:

s/Nina Y. Wang_____
United States Magistrate Judge